(110 So. 416)

No. 28127.

## STATE v. RICKS.

### In re RICKS.

(Nov. 2, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Trespass ⟨87—Information charging entry on railroad right of way, within year, held not objectionable because failing to charge that possession did not continue for one year (Rev. St. 1870, § 818).**

In prosecution, under Rev. St. 1870, § 818, for taking possession of railroad right of way, information filed June 24th charging defendant with taking possession on June 11th of same year is not objectionable, on motion in arrest for failure to charge that possession did not continue for one year, without disturbance.

2. **Trespass ⟨87.**

Information charging that defendant, without legal right, took possession of part of right of way contiguous to certain street *held* to sufficiently charge crime, under Rev. St. 1870, § 818.

O. D. Ricks was convicted of an offense, and he applies for writs of certiorari and prohibition. Rule nisi discharged.

Shelby Taylor, of Baton Rouge, and Moss & Moss, for relator.

ROGERS, J. Relator seeks relief from a conviction under an information based upon Rev. Stat. § 818, charging that he "did, without any legal right so to do, take possession of a part of the right of way, belonging to the Louisiana Railway & Navigation Company, a private corporation, said portion of the right of way, so taken, being contiguous to and adjoining Corn street, in Dixie, a suburb of the city of Baton Rouge."

[1, 2] In a motion in arrest of judgment, relator alleges that the information is defective and not in conformity with the statute, in that it fails to charge that his possession of the land did not continue for one year, without disturbance.

The district judge, in his return to the order issued by this court, calls attention to the fact that the information was filed on the 24th day of June, 1926, and that it sets forth the date on which relator took possession of the property was June 11, 1926. Since the specific date of relator's offense is alleged in the information, and as said date is well within the year of filing the charge, the omission of the words of the statute complained of in the motion in arrest is immaterial. The facts alleged constituted the crime charged and were sufficiently definite to apprise relator of the accusation he was called upon to answer.

For the reasons assigned, the rule nisi herein issued is discharged at relator's cost.